IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SEAN A. BISHOP,<br>#MOONINTHEDAYTV,<br>#BLOODANDBANANASPRO,<br>#BLACKSPAGHETTIFILMS,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER,<br><br>    Defendant. | Civil Action No.: JKB-24-2150 |

## ORDER

The above-entitled complaint was filed on July 24, 2024 (ECF No. 1), together with a Motion to Proceed in Forma Pauperis (ECF 2), which the Court shall grant. A supplement to the Complaint was filed on July 29, 2024. (ECF 4.)

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett*

*v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . ." "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The complaint and the supplement to the complaint fail to state a claim, and there are no allegations raised against the named Defendant, Twitter. The complaint and supplement likewise do not include any allegations that show that Mr. Bishop is entitled to any relief. Although Mr. Bishop purports to bring claims under "29 U.S. Code Chapter 8 Fair Labor Standard," (ECF No. 1 at 4), the pleadings simply state Mr. Bishop's assertions regarding what he believes his hashtags are worth, and he makes allegations such as "Twitter has 400 million account holders, 500 million daily tweet, let the record show I have over a billion daily users on medical practices alone." (*Id.* at 5.) In short, the complaint and the supplement are insufficient and do not comply with federal pleading requirements.

Accordingly, it is HEREBY ORDERED that:

1. The Motion to Proceed in Forma Pauperis IS GRANTED;
2. The complaint IS DISMISSED for failure to state a claim; and
3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff Sean A. Bishop and SHALL CLOSE this case.

2

Dated this 30 day of July, 2024.

FOR THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge

3